THE STATE OF NEVADA AND LAS VEGAS METROPOLITAN POLICE DEPARTMENT, APPELLANTS, v. FATHER ALAIN RICHARD, O.F.M., BROTHER HARRY VASILE, O.F.M., BROTHER GARY SPONNHOLZ, O.F.M., MICHAEL F. RADDING, WILLIAM WILMERS, ANN KENNAN, MICKEY KENNAN AND KELLY KENNAN, A MINOR, BY AND THROUGH HIS PARENT AND NEXT FRIEND MICKEY KENNAN, RESPONDENTS.

No. 22109

August 20, 1992                                  836 P.2d 622

*Frankie Sue Del Papa,* Attorney General, *David Sarnowski,* Deputy Attorney General, Carson City; *Rex Bell,* District Attorney, *Mary-Anne Miller,* Deputy District Attorney, Clark County; *Roy A. Woofter,* City Attorney, Las Vegas, for Appellants.

*George Rudiak, Michael V. Stuhff, Susan Quig-Terry,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The respondents, four homeless persons and four advocates for the rights of the homeless, brought suit in the United States District Court, District of Nevada, challenging the constitutionality of certain state and municipal loitering laws, including NRS 207.030(1)(i)[1] and Las Vegas Municipal Code sections 10.74.010 and 10.74.020.[2] The respondents claimed that the law and ordi-

---

[1]NRS 207.030, entitled "VAGRANTS," provides in part:
    1. Every person who:
    . . . .
    (i) Loiters, prowls or wanders upon the private property of another, without visible or lawful business with the owner or occupant thereof
    . . . .
    . . . .
    is a vagrant.
    2. Every vagrant shall be punished:
    . . . .
    (d) For a violation of any provision of paragraphs (d) to (j) . . . of subsection 1, for a misdemeanor.
[2]LVMC § 10.74.010 provides:
    It is unlawful for any person to loiter or prowl upon the private

nance are facially void because they are unconstitutionally vague and overbroad. Subsequently, pursuant to NRAP 5,[3] the United States District Court certified the issue of the constitutionality of the state statute and the municipal codes to this court. After reviewing the laws in question, we conclude that the challenged provisions of both the Nevada statute and the Las Vegas Municipal Code are unconstitutionally vague.

Initially, we note that criminal statutes are designed to punish persons because they have committed specific prohibited acts. Traditional vagrancy laws, however, have sought to punish persons based on their status as vagrants, and not merely for culpable acts. *See, e.g.,* Papachristou v. City of Jacksonville, 405 U.S. 156 (1972); Fenster v. Leary, 229 N.E.2d 426 (N.Y. 1967). As a remnant of these traditional status-based laws, the Nevada vagrancy statute retains language that ostensibly punishes persons because they are vagrants. Specifically, subsection (1) of NRS 207.030 lists certain acts and character traits which define a person as a vagrant; subsection (2) states that "[e]very vagrant shall be punished."[4] Vagrants may not be punished for being vagrants; only persons who commit culpable acts are liable for criminal sanctions.[5]

---

property of another without lawful business with the owner or occupant thereof.

LVMC § 10.74.020 provides:

Among the circumstances which may be considered in determining whether or not a person who loiters or prowls upon the private property of another has lawful business with the owner or occupant thereof is the fact that such a person takes flight upon the appearance of a police officer or endeavors to conceal himself or any object.

[3]NRAP 5 provides in part:

The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or of the District of Columbia, or a United States District Court, when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

[4]See *supra,* note 1.

[5]We also note that by retaining the concept of vagrancy, the Nevada statute, and others like it, remain rooted in the poor laws of Elizabethan England and thus reflect an antiquated view of society. Commenting on the poor laws, Caleb Foote explains that they were enacted "to confine those unable to work to their own parish; if they wandered they were liable to punishment and compulsory removal to the parish that was legally bound to support them." Caleb Foote, *Vagrancy-Type Law and Its Administration,* 104 U.Pa.L.Rev. 603, 615-17 (1956).

Recognizing the outmoded nature of such laws, some jurisdictions have

Aside from its language prescribing punishment for being a vagrant, NRS 207.030 is unenforceable because it is unconstitutionally vague, as are Las Vegas Municipal Code sections 10.74.010 and 10.74.020. A vague law is one which fails to provide persons of ordinary intelligence with fair notice of what conduct is prohibited and also fails to provide law enforcement officials with adequate guidelines to prevent discriminatory enforcement. Papachristou v. City of Jacksonville, 405 U.S. 156 (1972); Lanzetta v. New Jersey, 306 U.S. 451 (1938); Eaves v. Board of Clark Co. Comm'rs, 96 Nev. 921, 620 P.2d 1248 (1980). In this case, the Nevada laws criminalize "loitering" on private property when an individual has no "lawful business with the owner or occupant thereof." We conclude that this language is inadequate to inform the public of what conduct is prohibited. References to "loitering" and "lawful business" fail to provide sufficient notice of when stepping onto private property will subject an individual to arrest. Under these laws, an individual must necessarily guess as to when an innocent stroll becomes a criminal "loitering."

Because they lack articulable standards, these laws fail to provide law enforcement officials with proper guidelines to avoid arbitrary and discriminatory enforcement. We conclude that the challenged provisions of the Nevada vagrancy statute and the Las Vegas Municipal Codes are vague and therefore unconstitutional under the due process clauses of the federal and state constitutions.

---

repealed their vagrancy statutes and replaced them with laws which exclude all references to vagrancy or vagrants. *See, e.g.,* People v. Weger, 59 Cal.Rptr. 661 (Cal.Ct.App. 1967) (explaining that California enacted disorderly conduct laws specifically to replace its vagrancy laws); Gary v. Dubin & Richard H. Robinson, *The Vagrancy Concept Reconsidered: Problems and Abuses of Status Criminality,* 37 N.Y.U.L.Rev. 102, 135 (1962) (noting that "Illinois enacted legislation which eliminated the vagrancy concept and imposed sanctions which would apply only where there is clear and definite proof of the commission of specific criminal acts").