LANI LISA SILVAR, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK, and THE HONORABLE JOHN S. McGROARTY, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 44825

March 16, 2006                                        129 P.3d 682

*Robert L. Langford & Associates* and *Susan D. Burke*, Las Vegas, for Petitioner.

*George Chanos*, Attorney General, Carson City; *David J. Roger*, District Attorney, *James Tufteland*, Chief Deputy District Attorney, and *Sonia V. Jimenez*, Deputy District Attorney, Clark County, for Real Party in Interest.

.

## OPINION

*Per Curiam:*

In this case, we consider whether Clark County's prostitution loitering ordinance is unconstitutionally vague or overbroad. Petitioner Lani Lisa Silvar was arrested in Clark County, Nevada, for allegedly violating Clark County Ordinance (CCO) 12.08.030. The Las Vegas Justice Court dismissed the complaint, concluding that the ordinance was unconstitutionally vague and overbroad. The district court reversed and remanded, upholding CCO 12.08.030's constitutionality. Silvar now petitions this court for a writ of certiorari, challenging the district court's decision. We grant her petition and conclude that CCO 12.08.030 is both unconstitutionally vague and overbroad.

### *FACTS AND PROCEDURAL HISTORY*

While patrolling in an unmarked vehicle, a Las Vegas Metropolitan Police Department detective observed Silvar standing on the corner of Fremont and Atlantic Streets in Clark County, Nevada. Silvar entered the detective's vehicle and allegedly asked the detective if he was "dating," a street term synonymous with seeking prostitution. The detective replied affirmatively. Silvar then became nervous, said to forget it, and attempted to exit the vehicle. The detective identified himself as a vice officer and gave Silvar an opportunity to explain her actions. According to the detective, Silvar admitted she was working as a prostitute and stated that she had recognized the detective from a previous arrest for solicitation, became nervous, and decided against proceeding.

Silvar was arrested and charged with loitering for the purpose of prostitution, a violation of CCO 12.08.030. CCO 12.08.030 states:

> It is unlawful for any person to loiter in or near any public place or thoroughfare in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting for or procuring another to commit an act of prostitution.
>
> Among the circumstances which may be considered in determining whether such purpose is manifested are that such person repeatedly beckons to, stops, attempts to stop or engages persons passing by in conversation, or repeatedly stops or attempts to stop motor vehicle operators by hailing, waving of arms or any other bodily gesture. No arrest shall be made for a violation of this section unless the arresting officer first affords such person an opportunity to explain such conduct, and no one shall be convicted of violating this section if it appears at trial that the explanation given was true and disclosed a lawful purpose.

Silvar moved to dismiss the complaint against her, arguing that CCO 12.08.030 was unconstitutionally vague and overbroad and that it violated her right against self-incrimination.[1] The Las Vegas Justice Court granted Silvar's motion, and the State appealed to the district court. After hearing arguments on the matter, the district court reversed the justice court order and upheld the constitutionality of CCO 12.08.030.

Silvar now petitions for a writ of certiorari, challenging the district court's decision. Because Clark County's prostitution loitering ordinance is both unconstitutionally vague and overbroad on its face, we grant Silvar's petition.

## DISCUSSION

We are authorized to review a petition for a writ of certiorari in cases where a district court has considered the constitutionality of a statute or ordinance.[2] The constitutionality of a statute is a question of law that we review de novo.[3] Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional.[4] In order to meet that burden, the challenger must make a clear showing of invalidity.[5] We conclude that Silvar

---

[1]Silvar did not raise this last issue in her petition to this court.

[2]NRS 34.020(3); *City of Reno v. District Court*, 83 Nev. 201, 202, 427 P.2d 4, 5 (1967).

[3]*Sheriff v. Burdg*, 118 Nev. 853, 857, 59 P.3d 484, 486 (2002).

[4]*Id.*

[5]*Id.*

has met her burden and made a clear showing that CCO 12.08.030 is both unconstitutionally vague and overbroad.

## I. Because CCO 12.08.030 is unconstitutionally vague, we grant Silvar's petition

The void-for-vagueness doctrine is predicated upon a statute's repugnancy to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[6] A statute is unconstitutionally vague and subject to facial attack if it (1) fails to provide notice sufficient to enable persons of ordinary intelligence to understand what conduct is prohibited and (2) lacks specific standards, thereby encouraging, authorizing, or even failing to prevent arbitrary and discriminatory enforcement.[7] The first prong is concerned with guiding those who may be subject to potentially vague statutes, while the second—and more important—prong is concerned with guiding the enforcers of statutes.

By requiring notice of prohibited conduct in a statute, the first prong offers citizens the opportunity to conform their own conduct to that law.[8] However, the second prong is more important because absent adequate guidelines, a criminal statute may permit a standardless sweep, which would allow the police, prosecutors, and juries to "pursue their personal predilections."[9]

### A. Because it does not provide adequate notice of prohibited conduct to citizens, CCO 12.08.030 is unconstitutionally vague

An ordinance may be struck under the vagueness doctrine's first prong if it does not provide adequate notice to the public of the prohibited conduct. Without adequate notice, citizens would be frustrated in their attempts to conform their conduct to the contours of the statute. Because CCO 12.08.030 violates the first prong by failing to provide adequate notice, Silvar argues that the ordinance is unconstitutionally vague. We agree.

---

[6]*Id.*

[7]*Id.* at 857, 59 P.3d at 486-87; *State of Nevada v. Father Richard*, 108 Nev. 626, 629, 836 P.2d 622, 624 (1992); *see also City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (plurality opinion); *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972).

[8]*City of Las Vegas v. Dist. Ct.*, 118 Nev. 859, 864, 59 P.3d 477, 481 (2002).

[9]*Kolender*, 461 U.S. at 358 (internal quotation marks omitted).

Two phrases in CCO 12.08.030 conspire to deprive the public of adequate notice of prohibited conduct. First, the phrase ''in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting for or procuring another to commit an act of prostitution'' is unduly open-ended.[10] A person of ordinary intelligence who carefully reads CCO 12.08.030 could not be sure what specific acts ''manifest'' illegal activity.[11] In *Akron v. Rowland*, the Supreme Court of Ohio found such wording unconstitutional because ''an average person who lives or works in a high-crime neighborhood could not be sure whether just standing on the street in front of his or her home or workplace might 'manifest' something illegal.''[12]

Second, the phrase ''[a]mong the circumstances which may be considered in determining whether such purpose is manifested'' is also unduly open-ended. As the Ohio Court of Appeals noted in *Cleveland v. Mathis*, ''[t]he word 'among' indicates there were other circumstances to form the basis of an arrest and conviction.''[13] Similarly, the word ''may'' has been construed as permissive rather than mandatory, which indicates that nonenumerated factors can be considered.[14] Based on these two phrases, we conclude that CCO 12.08.030 embodies a lack of specificity that is fatal to the ordinance.

Because the ordinance does not provide adequate notice of prohibited conduct, which would enable persons of ordinary intelligence to conform their conduct to the law, CCO 12.08.030 is unconstitutionally vague under the first prong of the vagueness doctrine.

### B. Because it does not provide adequate law enforcement guidelines, CCO 12.08.030 is unconstitutionally vague

In many cases, courts have also struck down prostitution loitering ordinances under the vagueness doctrine's second—and more important—prong, which requires adequate guidelines to prevent arbitrary enforcement. Without these adequate guidelines, the ordinances risk arbitrary and discriminatory enforcement. Because CCO 12.08.030 lacks any guiding circumstances, Silvar argues that the ordinance has an even broader sweep than similar stricken

---

[10]*Cf. Akron v. Rowland*, 618 N.E.2d 138, 146 (Ohio 1993) (holding drug loitering ordinance to be either unconstitutionally vague or overbroad).

[11]*Id.*

[12]*Id.*

[13]735 N.E.2d 949, 952 (Ohio Ct. App. 1999) (striking down prostitution loitering statute as unconstitutionally vague and overbroad).

[14]*Id.*

ordinances, thus heightening its unconstitutionality. Using the same standard as previous courts, we agree with Silvar that CCO 12.08.030 is unconstitutionally vague.

CCO 12.08.030 is unconstitutionally vague because it violates the second prong in two ways. First, the language of the ordinance does not specify the circumstances for which a person could be arrested for prostitution loitering. Second, although the ordinance provides a right to explain one's actions, the inadequate guidelines for evaluating these explanations render the right to explain inconsequential, and furthermore an officer could still disregard the explanation. Therefore, CCO 12.08.030 unconstitutionally risks arbitrary and discriminatory enforcement.

### 1. CCO 12.08.030 does not enumerate circumstances that subject a person to arrest

CCO 12.08.030 does not enumerate circumstances for which a person could be arrested for prostitution loitering. Thus, the enforcing officer has discretion over deciding whether a particular unenumerated circumstance supplies the necessary probable cause for arrest. This standard could shift from officer to officer or circumstance to circumstance because the ordinance lacks definitive guidelines. These inconsistent standards could lead to absurd results. For example, high school cheerleaders advertising a carwash fundraiser from a sidewalk or a corner could be subject to arrest under the ordinance, as could effusive tourists celebrating a public holiday by strolling the streets and waving to cars and other passersby. Indeed, this amount of discretion proved fatal to similar ordinances in three other jurisdictions.

First, for example, in *Brown v. Municipality of Anchorage*,[15] the Supreme Court of Alaska struck down a prostitution loitering ordinance in part because a formerly convicted prostitute could be convicted again simply based on (1) the act of loitering, and (2) his or her status as a known prostitute, without committing any other overt act demonstrating that he or she had induced, enticed, solicited, or procured another to commit prostitution.[16] The court concluded that, even though it suggests the purposes to engage in prostitution, this additional circumstance did not qualify as an adequate guideline—the ordinance's vagueness left too much discretion in the hands of the police, who could apply it arbitrarily.[17] Because CCO 12.08.030 does not have even the unconstitutionally

---

[15]584 P.2d 35 (Alaska 1978).

[16]*Id.* at 37.

[17]*Id.*

vague "known prostitute" element of the Alaska ordinance, it leaves authorities with an even greater amount of discretion.

Second, in *Wyche v. State*,[18] the Supreme Court of Florida broadened its focus beyond the "known prostitute" circumstances, concluding that the entire list of suggestive circumstances failed to qualify the word "loiter" sufficiently to satisfy due process concerns.[19] "Many innocent people saunter on the streets and call to friends," the court reasoned. "The list of circumstances guiding law enforcement officers is not exhaustive and leaves much to individual officers' discretion," which "encourages the arbitrary and discriminatory enforcement of the law."[20] The court thus concluded that the ordinance was unconstitutional.[21] As noted above, CCO 12.08.030 prohibits activity similar to the activity used by the *Wyche* court to justify striking the Florida ordinance. Therefore, following the Florida Supreme Court's logic, CCO 12.08.030 is unconstitutional.

Third, in *Coleman v. City of Richmond*,[22] the Court of Appeals of Virginia noted that, because prostitution loitering ordinances do not require an overt act of solicitation or prostitution, an officer may arrest someone on a mere suspicion of future criminality. "Because there are no standards to govern the application of the ordinance, people are permitted to wander or stand idly at the whim of whichever police officer is on the beat."[23] The court concluded that the ordinance vested too much discretion in the officers who enforce the ordinance and the ordinance allowed for arbitrary and discriminatory enforcement.[24] CCO 12.08.030 presents these same problems (a court applying *Coleman*'s logic would most likely strike the ordinance).

By failing to enumerate circumstances for which a person could be arrested for prostitution loitering, CCO 12.08.030 gives officers too much discretion in enforcing its provisions. Other courts have struck similar loitering ordinances for similar reasons. We have no reason to rule differently in this case. Therefore, we conclude that CCO 12.08.030 unconstitutionally risks arbitrary and discriminatory enforcement.

---

[18]619 So. 2d 231 (Fla. 1993).

[19]*Id.* at 237.

[20]*Id.*; *see also Johnson v. Carson*, 569 F. Supp. 974, 980 (M.D. Fla. 1983) ("Would a political candidate, a motorist in distress, or a member of a religious group realize that repeatedly waving to cars passing by could subject him or her to arrest?").

[21]*Wyche*, 619 So. 2d at 237.

[22]364 S.E.2d 239 (Va. Ct. App. 1988).

[23]*Id.* at 244.

[24]*Id.*

### 2. The right to explain provided in CCO 12.08.030 is inconsequential

For two reasons, the right to explain one's actions provided in CCO 12.08.030 is inconsequential. First, any explanation could not be properly evaluated against the ordinance's inadequate guidelines.[25] The absence of any standards by which to evaluate such an explanation renders the right to explain inconsequential.

Second, the enforcing authorities could simply disregard the explanation. Under CCO 12.08.030, only the opportunity to explain is required; once afforded, the person may be arrested regardless of his or her explanation. The enforcing authorities are not required to give the explanation any weight.[26] Thus, the right to explain one's actions provided in CCO 12.08.030 fails as an effective safeguard against the arbitrary and discriminatory enforcement of the ordinance. Consequently, the ordinance fails to provide adequate guidelines to officers, which renders it unconstitutionally vague under the second prong of the vagueness doctrine.

Because we determine that CCO 12.08.030 (1) fails to provide notice sufficient to enable persons of ordinary intelligence to understand what conduct was prohibited and (2) lacks specific standards, thus risking arbitrary and discriminatory enforcement, we conclude that Clark County's prostitution loitering ordinance is unconstitutionally vague.

### II. Because CCO 12.08.030 is unconstitutionally overbroad, we grant Silvar's petition

In addition to violating the vagueness requirements of the Constitution, CCO 12.08.030 also fails the Constitution's test for overbreadth. The overbreadth doctrine invalidates laws, such as this ordinance, that infringe upon First Amendment rights. For example, this court held in *City of Las Vegas v. District Court* that the "overbreadth doctrine provides that a law is void on its face if it 'sweeps within its ambit other activities that in ordinary circumstances constitute an exercise of' protective First Amendment rights, such as the right to free expression or association."[27] Even minor intrusions on First Amendment rights will trigger the over-

---

[25]*See, e.g., Johnson*, 569 F. Supp. at 980. *But see City of Seattle v. Jones*, 475 P.2d 790, 796 (Wash. Ct. App. 1970) ("[T]he opportunity to explain afforded by the ordinance is a safeguard designed to discourage wholesale preventive arrests—a practice which *is* repugnant to the constitutional guarantees of individual freedom."), *aff'd*, 488 P.2d 750 (Wash. 1971).

[26]*Brown*, 584 P.2d at 38; *Coleman*, 364 S.E.2d at 244.

[27]118 Nev. at 863 n.14, 59 P.3d at 480 n.14 (quoting *Thornhill v. Alabama*, 310 U.S. 88, 97 (1940)).

breadth doctrine. As the Supreme Court of Florida stated in *Wyche*, the " 'First Amendment freedoms need breathing space to survive, [so] government may regulate in the area only with narrow specificity.' ''[28] Because an overbroad law will have a chilling effect on free expression and thus impact the "breathing space" of First Amendment rights, an overbroad law is unconstitutional.

However, the overbreadth doctrine has its limits. The Virginia Court of Appeals in *Coleman* recognized that "[t]he Supreme Court [cautioned that] the overbreadth doctrine is 'strong medicine' and that a statute should not be void unless it is substantially overbroad in relation to the statute's plainly legitimate sweep."[29] Therefore, this case hangs in the balance between the legitimate needs, on the one hand, to enforce prostitution laws and, on the other, to protect the First Amendment rights of all citizens to approach others on the street and in their cars.

In this case, Silvar argues that CCO 12.08.030 is substantially overbroad because it criminalizes conduct—for example, beckoning to or waving at another—that merely indicates prostitution loitering. For two reasons, Silvar's argument has merit. First, the conduct the ordinance criminalizes is constitutionally protected. Because CCO 12.08.030 chills this conduct, the ordinance is substantially overbroad in relation to its "legitimate sweep." The ordinance's provision for an opportunity to explain one's conduct does not mitigate this chilling effect. Second, the ordinance contains no specific intent element; therefore, it cannot make constitutionally protected conduct criminal. Because the ordinance's substantial overbreadth is unconstitutional, we grant Silvar's petition.

### A. CCO 12.08.030 chills constitutionally protected conduct

CCO 12.08.030 chills constitutionally protected conduct because it substantially envelops ordinary activities that may only be mere indicators of prostitution loitering. The ordinance suggests that repeatedly beckoning to, stopping, attempting to stop, or engaging passersby in conversation, or repeatedly stopping or attempting to stop operators of motor vehicles by hailing, waving of arms, or any other bodily gesture are circumstances indicative of prostitution loitering. However, these actions, in and of themselves, are constitutionally protected activities that may be performed without any regard to prostitution whatsoever.[30] A person

---

[28]619 So. 2d at 234 (quoting *N.A.A.C.P. v. Button*, 371 U.S. 415, 433 (1963)).

[29]364 S.E.2d at 243 (internal quotation marks omitted).

[30]*Cf. Wyche*, 619 So. 2d at 235.

performing these actions may simply be hailing a cab or a friend, chatting on a public street, or strolling aimlessly about.[31] CCO 12.08.030 chills this constitutionally protected conduct because people would otherwise risk arrest.

Providing the opportunity to explain one's conduct does nothing to stave off this chilling effect. An arresting officer need not accept the explanation or give it any weight.[32] And even if a trial court should believe the explanation and acquit the arrestee, it would be too late because the person's First Amendment rights would have already been chilled by the arrest.[33] Thus, we conclude that CCO 12.08.030 chills constitutionally protected conduct.

### B. CCO 12.08.030 lacks a specific intent element

CCO 12.08.030 also lacks a specific intent element. Although other jurisdictions have prostitution loitering ordinances that clearly require specific intent, Clark County's ordinance does not.

Rather than criminalizing loitering with a specific intent to commit an act of prostitution, CCO 12.08.030 criminalizes loitering "in a manner and under circumstances manifesting the purpose" to engage in prostitution. In *Rowland*, the Supreme Court of Ohio failed to find a specific intent element in a drug loitering ordinance that used language identical to that in CCO 12.08.030 and further determined that such an element was irreconcilable with the ordinance's goal:

> [S]pecific intent . . . cannot be found in the language of the ordinance. More significant, a specific intent requirement is irreconcilable with the goal of the ordinance, which is to permit arrest and conviction when an individual is acting under "circumstances manifesting the purpose" to commit a drug crime. [But a]cting under "circumstances manifesting" a purpose to do something is a far cry from specifically intending to do something. For example, a carpenter carrying a tool belt and ladder down a dark street late at night may well be manifesting the purpose to burglarize a home. This evidence, however, certainly does not show that he or she specifically intends to commit burglary.[34]

Similarly, under CCO 12.08.030, high school cheerleaders flagging down cars for a carwash fundraiser or celebratory tourists reveling with passersby during a public holiday may also be "manifesting the purpose of" inducing, enticing, soliciting for or

---

[31]*See id.*

[32]*Johnson*, 569 F. Supp. at 978-79.

[33]*Coleman*, 364 S.E.2d at 243.

[34]*Rowland*, 618 N.E.2d at 144.

procuring another to commit an act of prostitution. However, that evidence does not show that they are specifically intending to engage in prostitution.

In contrast to CCO 12.08.030, most of the prostitution loitering ordinances that have been upheld clearly require a specific intent element. Those ordinances criminalized loitering "with the intent to commit prostitution";[35] "for the purpose of engaging in soliciting or procuring sexual activity for hire";[36] when a person "intentionally solicits, induces, entices, or procures another to commit prostitution";[37] or variations thereof. One prostitution loitering ordinance that contained the circuitous "under circumstances manifesting the purpose of" intent language of CCO 12.08.030 was upheld because it subsequently and specifically stated that the violator's conduct " 'must . . . demonstrate a *specific intent* to induce, entice, solicit or procure another to commit an act of prostitution.' "[38] CCO 12.08.030 contains no such circumscribing language. Accordingly, we conclude that CCO 12.08.030 lacks a specific intent element.

Because CCO 12.08.030 chills constitutionally protected conduct and lacks a specific intent element, the prostitution loitering ordinance is unconstitutionally overbroad.

## CONCLUSION

For the reasons discussed above, we conclude that Clark County's prostitution loitering ordinance, CCO 12.08.030, is both unconstitutionally vague and overbroad and therefore void.[39] Accordingly, we grant the petition and direct the clerk of this court to issue a writ of certiorari instructing the district court to vacate its order reversing and remanding the justice court's order.

---

[35]Cal. Penal Code § 653.22, *upheld in People v. Pulliam*, 73 Cal. Rptr. 2d 371, 376 (Ct. App. 1998).

[36]Cleveland Codified Ordinances § 619.11, *upheld in City of Cleveland v. Howard*, 532 N.E.2d 1325, 1326 (Ohio Mun. Ct. 1987).

[37]Seattle Mun. Code 12A.10.010(B), *upheld in City of Seattle v. Slack*, 784 P.2d 494, 496 (Wash. 1989).

[38]*City of Milwaukee v. Wilson*, 291 N.W.2d 452, 457 (Wis. 1980) (quoting Milwaukee Mun. Code § 106.31(1)(g)) (emphasis added).

[39]We note that prostitution and soliciting are still unlawful under CCO 12.08.015 and 12.08.020, respectively. We further note that a prostitution loitering statute that adequately satisfies constitutional vagueness and overbreadth concerns is N.Y. Penal Law § 240.37(2) (McKinney 2000).