Rose, C. J.,
with whom Maupin, J., agrees, concurring in part and dissenting in part:
I concur with the majority’s denial of the City of Las Vegas’ petition for a writ of certiorari regarding the City’s challenge to the municipal court’s jurisdiction to consider Las Vegas Municipal Code (LVMC) 6.35.100(1)’s constitutionality. However, I dissent from the majority’s grant of the City’s petition with respect to LVMC 6.35.100(I)’s constitutionality, and I conclude that LVMC 6.35.100(1) is void for vagueness.
A statute is unconstitutionally vague if it “(1) fails to provide notice sufficient to enable persons of ordinary intelligence to understand what conduct is prohibited and (2) lacks specific standards, thereby encouraging, authorizing, or even failing to prevent arbitrary and discriminatory enforcement.”[1] In reaching its conclusion that LVMC 6.35.100(1) is not unconstitutionally vague, the majority relies on Kev, Inc. v. Kitsap County.[2] However, the ordinance at issue in Kev did not contain the same definitions for fondling and caressing as are present here and, accordingly, distinguish the instant ordinance from that in Kev.[2]
LVMC 6.06B.030(E) defines “[fjondle or caress” as “the conduct or affectionate touching that is intended to sexually arouse (may include ‘sexual conduct’).” “Sexual conduct” is defined as ‘ ‘the engaging in or the commission of an act of sexual intercourse, oral-genital contact, or the touching of the sexual organ, pubic region, buttock or female breast of a person for the purpose of arousing or gratifying the sexual desire of another person.”[4] Although a person of ordinary intelligence can expressly understand what constitutes “sexual conduct,” under the definition of fondle and caress, the illegal touching may include, but does not necessarily include, “sexual conduct.” As the definition of “sexual conduct” is quite comprehensive, I cannot say that the ordinance gives a person of ordinary intelligence notice as to the *1056 touching that does not fall within the definition of “sexual conduct,’ ’ but is nevertheless prohibited.
For those same reasons, I conclude that LVMC 6.35.100(1) encourages and fails to prevent arbitrary and discriminatory enforcement. LVMC 6.35.100(1) gives no specific guidelines for determining when touching has become prohibited. This affords law enforcement officers great discretion in interpreting and enforcing LVMC 6.35.100(1). Accordingly, I dissent from the majority’s conclusion that LVMC 6.35.100(1) is not unconstitutionally void for vagueness. I would deny the City’s petition for a writ of certiorari in whole.

 Silvar v. Dist. Ct., 122 Nev. 289, 293, 129 P.3d 682, 685 (2006).

 793 F.2d 1053 (9th Cir. 1986).

 See generally id. The differences in the ordinances notwithstanding, I disagree with the Ninth Circuit Court of Appeal’s analysis and conclusion in Kev.

 LVMC 6.06B.030(I).