An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES DANIEL BUCKLES,
Petitioner,
vs.
THE FIRST JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CARSON CITY,
Respondent,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 65882

FILED

SEP 1 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of certiorari challenges the district court's order affirming petitioner James Daniel Buckles' misdemeanor convictions for possession of drug paraphernalia. Petitioner argues that the district court erred in concluding that Carson City Municipal Code (CCMC) § 8.04.126 and NRS 453.554 are not unconstitutionally vague in affirming his justice court conviction.

The district courts have final appellate jurisdiction in cases arising in municipal court; therefore, the only remedy available to an appellant is a timely petition for a writ of certiorari filed pursuant to NRS 34.020(3). *City of Las Vegas v. Carver*, 92 Nev. 198, 198-99, 547 P.2d 688, 688 (1976); *see generally State of Nevada v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 134, 994 P.2d 692, 696-97 (2000). "A writ of certiorari is an extraordinary remedy and the decision to entertain a petition for a writ of certiorari lies within the discretion of this court."

14-31073

*Zamarripa v. First Judicial Dist. Court*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987). NRS 34.020(3) provides that a writ of certiorari may be granted where a person has been prosecuted for violating a statute or municipal ordinance, an appeal has been taken from a justice court or municipal court, and on appeal, the district court has "passed upon the constitutionality or validity of such statute or ordinance."[1]

The principles that govern the evaluation of a statute's constitutionality apply to CCMC § 8.04.126. *See Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006) (applying the presumption that a statute is constitutional to an ordinance). When challenged as being unconstitutional, a statute is interpreted based on its plain meaning. *Sheriff, Clark Cnty. v. Burcham*, 124 Nev. 1247, 1257, 198 P.3d 326, 332 (2008). In so doing, we presume that a statute is constitutional, resulting in the challenger bearing a heavy burden to show that the statute is unconstitutional. *Silvar*, 122 Nev. at 292, 129 P.3d at 684.

A statute may be unconstitutionally void for vagueness on two independent bases. *State v. Castaneda*, 126 Nev. ___, ___, 245 P.3d 550, 553 (2010). First, a statute is unconstitutionally vague "if it . . . fails to provide notice sufficient to enable persons of ordinary intelligence to

---

[1]Buckles raised his argument concerning the constitutionality of the CCMC § 8.04.126 for the first time in a supplemental briefing. Further, the argument did not appear within the scope of the district court's order for supplemental briefing. However, as the district court addressed the argument, we conclude that a petition for a writ of certiorari is appropriate as the district court elected to pass on the constitutionality of the statute.

understand what conduct is prohibited." *Silvar*, 122 Nev. at 293, 129 P.3d at 685. Second, a statute is unconstitutionally vague if it "lacks specific standards" to guide its enforcement, so as "to prevent arbitrary and discriminatory enforcement." *Id.*

In *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 525-26 (1994), the United States Supreme Court concluded that the federal statute prohibiting the possession of drug paraphernalia, 21 U.S.C. § 857 (current version at 21 U.S.C. § 863 (1990)), was not unconstitutionally vague. The court held that the statute provided "clear guidelines as to prohibited conduct" by listing items that "constitute[d] *per se* drug paraphernalia." *Id.* at 525. It further "minimize[d] the possibility of arbitrary enforcement and assist[ed] in defining the sphere of prohibited conduct under the statute" by listing factors "for assessing whether items constitute drug paraphernalia." *Id.* at 526. Lastly, the Supreme Court recognized that the scienter requirement that it inferred in § 857 also "assists in avoiding any vagueness problem." *Id.* Given these considerations, we conclude that Buckles failed to demonstrate that CCMC § 8.04.126 fails to provide sufficient notice of what conduct is prohibited. CCMC § 8.04.126 has a scienter requirement in that it prohibits the use or possession with intent to use drug paraphernalia, as it is defined by NRS 453.554, to manufacture, grow, store, sell, or ingest a controlled substance. In addition, he failed to demonstrate that the ordinance lacks sufficient standards to prevent arbitrary or discriminatory enforcement. NRS 453.554(1) lists numerous examples of items that could be considered drug paraphernalia, and NRS 453.556 lists relevant factors to determine whether an object is drug paraphernalia. Therefore, we

conclude that CCMC § 8.04.126 is not unconstitutionally void for vagueness. Accordingly, we

ORDER the petition DENIED.[2]

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

---

[2]In its answer, the State asserted that consideration of this petition is barred by the doctrine of laches. Buckles filed his petition ten months after the district court affirmed his justice court conviction. *See Hedland,* 116 Nev. at 135, 994 P.2d at 697 (holding that eleven-month delay in filing petition for extraordinary relief warranted imposition of doctrine of laches). Such a delay suggests that he acquiesced to the district court's judgment. *See Bldg. & Constr. Trades Council of N. Nev. v. State, ex rel. Public Works Bd.,* 108 Nev. 605, 611, 836 P.2d 633, 637 (1992) (considering "whether an implied wavier arose from the petitioner's knowing acquiescence in existing conditions" in deciding whether laches precludes consideration of writ). However, the State failed to allege that it suffered prejudice as a result of Buckles' delay in filing his writ petition. *Id.* (requiring showing of "circumstances causing prejudice to the respondent").

cc: Chief Judge, First Judicial District Court
State Public Defender/Carson City
Carson City District Attorney
Carson City Clerk