133 Nev., Advance Opinion 5

IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 350 DURANGO 104,
Appellant,
vs.
WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.,
Respondent.

No. 68630

FILED

JAN 26 2017


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

*Reversed and remanded.*

Kim Gilbert Ebron and Jacqueline A. Gilbert, Las Vegas; Law Offices of Michael F. Bohn, Esq., Ltd., and Michael F. Bohn, Las Vegas,
for Appellant.

Snell & Wilmer, LLP, and Andrew M. Jacobs and Kelly H. Dove, Las Vegas,
for Respondent.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-2865

BEFORE THE COURT EN BANC.[1]

## OPINION

By the Court, PARRAGUIRRE, J.:

NRS 116.3116-.31168[2] grant a homeowners' association (HOA) a superpriority lien for certain unpaid assessments and allow an HOA to nonjudicially foreclose on such a lien if specific requirements are met. In this appeal, we must determine whether these statutes violate a first security interest holder's due process rights. We hold that neither the HOA's nonjudicial foreclosure, nor the Legislature's enactment of the statutes, constitute state action. Therefore, the statutes do not implicate due process. Additionally, we consider whether the extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure violates the Takings Clauses of the United States and Nevada Constitutions. We hold it does not, and we therefore reverse the district court's order and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Nonparties to this appeal Roy and Shirley Senholtz took out an $81,370 loan from respondent Wells Fargo Home Mortgage, a division

---

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter. The Honorable Lidia S. Stiglich, Justice, did not participate in the decision of this matter.

[2]Any discussion in this opinion related to these statutes refers to the statutes in effect prior to the Legislature's 2013 and 2015 amendments. *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev., Adv. Op. 35, 373 P.3d 66, 67 n.2 (2016) (referring to the statutes in effect at the time the underlying cause of action arose).




of Wells Fargo Bank, N.A. (Wells Fargo) in order to refinance their mortgage on property located in Summerlin, Nevada. Wells Fargo's loan was secured by a deed of trust on the property, and the property was governed by an HOA's covenants, conditions, and restrictions (CC&Rs). The Senholtzes subsequently failed to pay their HOA dues and mortgage, and both Wells Fargo and the HOA recorded notices of default and election to sell. Thereafter, the HOA conducted a nonjudicial foreclosure sale, wherein the property was sold to appellant Saticoy Bay LLC Series 350 Durango 104 (Saticoy Bay) for $6,900.

Saticoy Bay filed a complaint seeking an injunction preventing Wells Fargo from foreclosing on the property and a declaration that it was the rightful owner of the property, free and clear from any encumbrances or liens. Wells Fargo filed a motion to dismiss, arguing (1) NRS 116.3116 *et seq.* violate the Due Process Clause and the Takings Clause of both the United States and Nevada Constitutions; (2) this court's interpretation of NRS 116.3116 *et seq.* in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.,* 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014), conflicts with public policy; and (3) the purchase price of the property was commercially unreasonable. The district court held that the statutes violated Wells Fargo's due process rights and granted the motion; the district court did not address Wells Fargo's other arguments. Saticoy Bay now appeals the district court's order.

*DISCUSSION*

On appeal, Saticoy Bay argues the foreclosure statutes do not violate a first security interest holder's due process rights. We also consider Wells Fargo's argument that the foreclosure statutes violate the Takings Clauses of the United States and Nevada Constitutions. *See Tam v. Eighth Judicial Dist. Court,* 131 Nev., Adv. Op. 80, 358 P.3d 234, 238-39

SUPREME COURT
OF
NEVADA

(O) 1947A

3

(2015) ("Although this court would not normally address an issue that the district court declined to consider and develop the factual record, this court can consider constitutional issues for the first time on appeal."). We review the district court's legal conclusions, such as the constitutionality of a statute, de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008); *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006).

*Nevada's superpriority lien statutes do not violate a first security interest holder's due process rights*

Wells Fargo argues that the foreclosure procedures specified in NRS 116.3116 *et seq.* are facially unconstitutional because they do not require an HOA to give a first security interest holder actual notice of a foreclosure that, once conducted, may extinguish the security interest. *Cf. SFR Investments Pool 1*, 130 Nev., Adv. Op. 75, 334 P.3d at 419 ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."). Saticoy Bay argues that an HOA's nonjudicial foreclosure does not violate due process because (1) no state actor participates in an HOA's nonjudicial foreclosure, and (2) NRS 116.31168 incorporates the notice requirements set forth in NRS 107.090.

The Due Process Clauses of the United States and Nevada Constitutions protect individuals from state actions that deprive them of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Nev. Const. art. 1, § 8(5); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). The United States Supreme Court has provided a two-part test for determining whether the deprivation of a property interest is the result of state action. *See Lugar*, 457 U.S. at 937. First, it must be determined whether "the deprivation [was] caused by the exercise of some right or privilege created by the State." *Id.* Second, it must be

determined whether "the party charged with the deprivation [is] a person who may fairly be said to be a state actor."[3] *Id.*

The State created the HOA's superpriority lien, as well as its right to conduct a nonjudicial foreclosure upon default. *See* NRS 116.3116 *et seq.* In addition, Wells Fargo's security interest was extinguished because the HOA exercised its statutory right to conduct a nonjudicial foreclosure. Therefore, the first element of the *Lugar* test is satisfied. However, it must still be determined whether "the party charged with the deprivation" may be characterized as a state actor.

We conclude that an HOA acting pursuant to NRS 116.3116 *et seq.* cannot be deemed a state actor. The United States Supreme Court has held that "[a]ction by a private party pursuant to [a] statute, *without something more*, [is] not sufficient to justify a characterization of that party as a 'state actor.'" *Lugar,* 457 U.S. at 939 (emphasis added); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 52 (1999) ("Action taken by private entities with the mere approval or acquiescence of the State is not state action."). Several courts have recognized "that nonjudicial foreclosure statutes do not involve significant state action" so as to implicate due process. *See Charmicor, Inc. v. Deaner,* 572 F.2d 694, 696

---

[3]We note that the parties have not argued that Nevada's Due Process Clause provides more protection than its federal counterpart. In addition, we have previously relied on federal precedent in determining the scope of Nevada's Due Process Clause. *See Hernandez v. Bennett-Haron,* 128 Nev. 580, 587, 287 P.3d 305, 310 (2012) ("[T]he similarities between the due process clauses contained in the United States and Nevada Constitutions . . . permit us to look to federal precedent for guidance . . . .") Therefore, we employ the *Lugar* test to determine whether the deprivation of a property interest is the result of state action under both the state and federal Due Process Clauses.

(9th Cir. 1978) (holding that Nevada's nonjudicial foreclosure procedures regarding a deed of trust do not amount to state action); *see also Levine v. Stein*, 560 F.2d 1175, 1176 (4th Cir. 1977) (same with regard to Virginia's nonjudicial foreclosure procedures); *see also Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 28-29 (6th Cir. 1975) (finding no state action in a nonjudicial foreclosure, notwithstanding the fact that the sheriff conducted the foreclosure and the deed had to be registered with the county).

Additionally, we reject Wells Fargo's argument that the Legislature may be charged with the deprivation because it enacted NRS 116.3116 *et seq.* As stated previously, the first prong of the *Lugar* test identifies whether the state created a right or privilege that caused the deprivation. However, once this inquiry is satisfied, the analysis shifts to whether the procedures enacted by the state involve some form of government action. *See Lugar*, 457 U.S. at 941 (holding "the procedural scheme created by the statute [was] obviously [ ] the product of state action," but that due process was only implicated because state officials were involved in the seizure of the disputed property); *see also Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding a mortgagee's nonjudicial foreclosure did not constitute state action because there was no "overt official involvement" in the enforcement of the creditor's remedy).

Although the two parts of the *Lugar* test may "collapse into each other when the claim of a constitutional deprivation is directed against a party whose official character is such as to lend the weight of the State to his decisions," *Lugar*, 457 U.S. at 937, this is not such a case. Rather, we find the present matter analogous to *Flagg Bros., Inc. v.*

*Brooks*, 436 U.S. 149 (1978). In *Flagg Bros.*, the respondent was evicted from her home, and her property was stored with the petitioner, a private warehouseman. *Id.* at 153. A state statute granted the petitioner a lien on the property and the right to enforce the lien by private sale of the property. *Id.* at 151 & n.1. The respondent argued that such a sale would be attributable to the state because the state had enacted the statute. *Id.* at 164. The United States Supreme Court held that, although the state had enacted the statute, due process was not implicated because the statute did not compel such a sale, and the state was not otherwise involved in such a sale. *Id.* at 157, 166.

Given this federal precedent, the Legislature's mere enactment of NRS 116.3116 does not implicate due process absent some additional showing that the state compelled the HOA to foreclose on its lien, or that the state was involved with the sale.[4] Neither has been demonstrated here. *See* NRS 116.31162(1) (stating that an HOA "may foreclose its lien by sale"); *see also* NRS 116.3116(6) (stating that the establishment of a superpriority lien "does not prohibit actions to recover sums for which subsection 1 creates a lien or prohibit an association from taking a deed in lieu of foreclosure"). Therefore, we hold that Nevada's superpriority lien statutes do not implicate due process.[5] To the extent

---

[4]This is true regardless of whether the deprivation is alleged to have occurred at the time of foreclosure, when Wells Fargo's security interest was extinguished by the sale, or at the time the statutes were enacted, when HOA liens were made prior to first security interests on the property.

[5]We acknowledge that the Ninth Circuit has recently held that the Legislature's enactment of NRS 116.3116 *et seq.* does constitute state action. *See Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d

*continued on next page...*

this court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 417-18 (2014), suggests otherwise, we clarify that due process is not implicated in an HOA's nonjudicial foreclosure. As such, we need not determine whether NRS 116.3116 *et seq.* incorporates the notice requirements set forth in NRS 107.090.

*The extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not constitute a governmental taking*

Wells Fargo argues that NRS 116.3116 *et seq.* effectuate an unconstitutional governmental taking because the state authorized the HOA to destroy its property interest. Saticoy Bay argues that Wells Fargo acquired its property interest subject to the HOA's superpriority lien because both NRS 116.3116 and the HOA's CC&Rs predate Wells Fargo's property interest.

The Takings Clauses of the United States and Nevada Constitutions prohibit the state from taking private property for public use without just compensation. U.S. Const. amend. V; Nev. Const. art. 1, § 8(6); *see also Chicago, Burlington & Quincy R.R. Co. v. Chicago*, 166 U.S. 226, 238-41 (1897) (incorporating the Fifth Amendment's Takings Clause against the states through the Fourteenth Amendment's Due Process Clause). There are two ways in which the state may effectuate a "taking": (1) through a "direct government appropriation or physical invasion of private property"; or (2) through enacting a regulation that is "so onerous that its effect is tantamount to a direct appropriation or ouster." *Lingle v.*

---

*...continued*
1154, 1159-60 (9th Cir. 2016). However, for the aforementioned reasons, we decline to follow its holding.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005); *see also McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 662, 137 P.3d 1110, 1121-22 (2006).

Here, the state has not directly appropriated Wells Fargo's lien, nor has it directly appropriated the property subject to Wells Fargo's lien. *Cf. Armstrong v. United States*, 364 U.S. 40, 48-49 (1960) (holding that the federal government effectuated a Fifth Amendment taking when it took title to property subject to the petitioner's liens, thereby rendering the liens unenforceable and valueless). In addition, Wells Fargo's intangible property interest is not subject to actual physical invasion. Therefore, we address whether the enactment of the foreclosure statutes constitutes a regulatory taking.

In determining whether a regulation constitutes a compensable regulatory taking, this court considers the following factors: "(1) the regulation's economic impact on the property owner, (2) the regulation's interference with investment-backed expectations, and (3) the character of the government action."[6] *Sisolak*, 122 Nev. at 663, 137 P.3d

---

[6]We note that the foreclosure statutes do not fall within the "two relatively narrow categories" of "regulatory action that generally will be deemed *per se* takings for Fifth Amendment purposes." *Lingle*, 544 U.S. at 538; *accord Sisolak*, 122 Nev. at 662-63, 137 P.3d at 1122. Specifically, the foreclosure statutes do not require a landowner to suffer "a permanent physical occupation" of his or her property, *cf. Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 421, 426 (1982) (holding a New York statute that required a landlord to "permit a cable television company to install its cable facilities upon his property" constituted a taking); nor do they completely "deprive[ ] a landowner of all economically beneficial uses" of his or her land, *cf. Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1018, 1006-07, 1029-30 (1992) (holding a South Carolina statute that prohibited the "petitioner from erecting any permanent habitable structures" on his land constituted a taking to the extent that

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

at 1122; *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 124 (1978).

First, the foreclosure statutes do not necessarily have an economic impact on any given first security interest holder. It is true that the statutes permit an HOA to foreclose on its lien. Nonetheless, the statutes do not require an HOA to conduct a foreclosure upon default, and if the HOA chooses to foreclose on its lien, the proceeds from the sale may fully satisfy the amount owed to a first security interest holder. *See* NRS 116.31164(3)(c) (stating the proceeds from such a sale shall be applied to subordinate claims after the HOA's lien is satisfied).

Second, even assuming that the foreclosure statutes had a substantial economic impact on Wells Fargo's property interest, the statutes did not interfere with any legitimate investment-backed expectation. NRS 116.3116 was enacted in 1991, *see* 1991 Nev. Stat., ch. 245, §§ 100-104, at 567-71, and the HOA's declaration of CC&Rs was recorded in 1994. Wells Fargo acquired its security interest in 2003. Therefore, Wells Fargo "was on notice that by operation of the statute, the [earlier recorded] CC&Rs might entitle the HOA to a super priority lien at some future date which would take priority over a [later recorded] first deed of trust." *SFR Investments Pool 1*, 130 Nev., Adv. Op. 75, 334 P.3d at 418 (alterations in original) (internal quotation marks omitted); *see also* NRS 116.3116(4) ("Recording of the declaration constitutes record notice and perfection of the lien.").

---

*...continued*
"background principles of nuisance and property law" did not independently restrict the landowner's intended use of the property).

SUPREME COURT
OF
NEVADA

(O) 1947A

Lastly, the "character of the government action" is as follows: the State statutorily altered the priority of certain liens. The state did not physically invade any property interest, nor did it participate in the HOA's nonjudicial foreclosure. *See Penn Cent.*, 438 U.S. at 124 ("A 'taking' may more readily be found when the interference with property can be characterized as a physical invasion by government, than when interference arises from some public program adjusting the benefits and burdens of economic life to promote the common good." (internal citation omitted)).

Wells Fargo does not cite, and we have not found, a single case that has held a state may not statutorily alter the priority of liens unless it compensates subsequent lienholders whose interests are diminished or destroyed as a result.[7] *See U.S. Bank, Nat'l Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ-PAL, 2015 WL 5210523, at *5 (D. Nev. Sept. 3, 2015) ("The destruction of an undersecured junior lien via the foreclosure of a senior lien under priority rules published before the junior lienor took his lien has never been held to implicate the Takings Clause to this Court's knowledge."). Therefore, we hold that the extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not constitute a governmental taking.

## CONCLUSION

We hold that the Due Process Clauses of the United States and Nevada Constitutions are not implicated in an HOA's nonjudicial

---

[7]We note that Wells Fargo did not acquire its property interest *prior to* the enactment of NRS 116.3116 *et seq.* Therefore, we need not address whether the foreclosure statutes effectuate a taking with respect to such lienholders.

 

foreclosure of a superpriority lien. In addition, we hold that the extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not violate the Takings Clauses of the United States and Nevada Constitutions. Because the district court did not address Wells Fargo's other arguments, we remand the matter so that the district court may consider them in the first instance. Accordingly, we reverse the district court's order and remand the matter for further proceedings consistent with this opinion.

_____, J.
Parraguirre

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A