# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: J. H. S., III,
DATE OF BIRTH: 03/03/1991.

J. H. S., III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79206

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a juvenile court order adjudicating appellant J.H.S. as a sex offender for purposes of registration and notification. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.[1]

When J.H.S. was 14, he pleaded guilty to lewdness with a minor and the juvenile court ordered J.H.S. to undergo juvenile sex offender counseling. After completing the court-ordered counseling, J.H.S. was charged as an adult with multiple felonies stemming from an attempted robbery; he pleaded guilty to misdemeanor disorderly conduct. Over the course of the next 10 years, J.H.S. was arrested and convicted of several additional violent crimes. After he turned 21, the court held a hearing to determine whether it would require J.H.S. to register as a sex offender pursuant to NRS 62F.340 ("If a child has been adjudicated delinquent for a sexual offense, the juvenile court shall hold a hearing when the child reaches 21 years of age . . . to determine whether the child should be subject to registration and community notification."). Following that hearing, the court found that J.H.S. was not rehabilitated, posed a continuing threat to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-41472

the community, and should be subject to sex offender registration and reporting requirements. J.H.S. appeals.

J.H.S.'s only argument on appeal is that NRS 62F.340 is unconstitutionally vague because the factors set forth in subsection 5 do not provide sufficient guidance to prevent arbitrary enforcement. J.H.S. does not argue that the juvenile court misapplied the statutory factors in considering his motion. Instead, he argues that the statute is impermissibly vague because it provides the child with insufficient notice of forbidden conduct or how to proscribe his behaviors. Because J.H.S. raised his constitutional challenge for the first time on appeal and fails to demonstrate that the statute is unconstitutional, we decline to consider his constitutional challenge. *See State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 507, 306 P.3d 369, 379 (2013) (noting that this court may decline to exercise its discretion to hear a constitutional issue not litigated in the juvenile court); *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 293, 129 P.3d 682, 684-85 (2006) (explaining the void-for-vagueness doctrine). Accordingly, we

ORDER the judgment of the juvenile court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                 Cadish

cc:    Hon. William O. Voy, District Judge, Family Court Division
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Clark County District Attorney/Juvenile Division
       Eighth District Court Clerk