# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: A. H., DATE OF BIRTH: 12/27/1999.

A. H.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79198

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a juvenile court order adjudicating appellant as a sex offender for purposes of registration and notification. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.[1]

When A.H. was 14, he pleaded guilty to sexual assault of a victim under the age of 14 years. The juvenile court placed A.H. on probation and ordered him to undergo juvenile sex offender counseling. After completing the court-ordered counseling, A.H. was charged as an adult with conspiracy to commit robbery, to which he pleaded guilty and was placed on adult probation. Nevada Youth Parole then terminated A.H.'s juvenile parole. Approximately one year later, A.H. was arrested on

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-41469

adult felony robbery charges to which he pleaded guilty and was sentenced to serve time in prison. After a hearing, the juvenile court denied A.H.'s motion to exempt him from registration as a sex offender pursuant to NRS 62F.300 (requiring a child age 14 or older who has been adjudicated delinquent for an unlawful act that would constitute a sexual offense if committed by an adult to register as a sexual offender and be subject to certain reporting requirements). *See also* NRS 62F.320(1) ("[T]he juvenile court may exempt the child from community notification or exclude the child from placement on the community notification website, or both, if the juvenile court finds by clear and convincing evidence that the child is not likely to pose a threat to the safety of others.").

A.H.'s only argument on appeal is that NRS 62F.320 is unconstitutionally vague because the factors set forth in subsection 3 do not provide sufficient guidance to prevent arbitrary enforcement. A.H. does not argue that the district court misapplied the statutory factors in considering his motion. Instead, he argues that the statute is impermissibly vague because it is unclear how the district court should weigh certain factors. Because A.H. raised his constitutional challenge for the first time on appeal and failed to demonstrate that the statute is unconstitutional, we decline to consider his constitutional challenge. *See State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 507, 306 P.3d 369, 379 (2013) (noting that this court may decline to exercise its discretion to hear a constitutional issue not litigated in the juvenile court); *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 293, 129 P.3d 682, 684-85 (2006) (explaining the void-for-vagueness doctrine); *see also Nelson v. State*, 123 Nev. 534, 540-41, 170 P.3d 517, 522 (2007) (providing that "cases in which it is difficult to determine

the side of the line on which a particular fact situation falls" are insufficient to find a statute unconstitutional (quoting *United States v. Petrillo*, 332 U.S. 1, 7 (1947))). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. William O. Voy, District Judge, Family Court Division
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Clark County District Attorney/Juvenile Division
       Eighth District Court Clerk