IN THE SUPREME COURT OF THE STATE OF NEVADA

JOEY CARL BAKER, A/K/A JOSEPH CARL BAKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81837

**FILED**

JUN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of felon in possession of a firearm.[1] Sixth Judicial District Court, Humboldt County; Michael Montero, Judge. The district court sentenced appellant to 12-34 months but suspended the sentence and placed him on probation. As a condition of probation, the district court prohibited appellant from using marijuana.

Appellant challenges the ban on marijuana use as a probation condition, arguing that he presented evidence of his need for medical marijuana along with his medical marijuana registration card. In light of this evidence he asserts that the district court's decision is arbitrary and capricious and therefore an abuse of discretion. He further argues that NRS 176A.420 (2020), which allows the district court to drug test persons on probation, is unconstitutional insofar as it prohibits medical marijuana use.

We conclude that the district court did not abuse the wide discretion afforded to it by prohibiting appellant from using marijuana as a condition of his probation. *See* NRS 176A.400(1) (providing that the district

_____

[1] Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-16898

court may, "without limitation," place terms and conditions on any grant of probation); *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987) ("The sentencing judge has wide discretion in imposing a sentence . . . ."); *see also Jackson v. State* 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason."). The sentence was within the statutory limits, *see* NRS 202.360(1), and appellant does not allege that the district court relied on impalpable or highly suspect evidence, *see Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996) (reiterating that this court "will reverse a sentence if it is supported *solely* by impalpable and highly suspect evidence"). Additionally, appellant did not carry his burden of clearly showing that NRS 176A.420 is unconstitutional. *See Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006) ("Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional [by] mak[ing] a clear showing of invalidity."). We therefore,

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Michael Montero, District Judge
   Humboldt County Public Defender
   Attorney General/Carson City
   Humboldt County District Attorney
   Humboldt County Clerk

