**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PIPING ROCK PARTNERS, INC., a California corporation; CHRISTOPHER K. GERMAIN, an individual, | No. 13-16110 |
| Plaintiffs - Appellees, | D.C. No. 3:12-cv-04634-SI |
| v. | MEMORANDUM[*] |
| DAVID LERNER ASSOCIATES, INC., a New York corporation; DAVID LERNER, an individual; GEORGE DOBBS, an individual, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Submitted July 9, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The David Lerner Associates (DLA) defendants appeal the district court's denial of their consolidated anti-SLAPP motions to strike Christopher Germain and Piping Rock's libel claim, which arose from an online statement posted by former DLA employee George Dobbs (the "Dobbs Post"). The district court denied the motions on the ground that Germain and Piping Rock have shown a reasonable probability of prevailing on the merits of their libel claim. *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013). This court has jurisdiction under 28 U.S.C. § 1291. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999). Reviewing de novo, *Makaeff*, 715 F.3d at 261, we affirm.

1. Appellants characterize the Dobbs Post as "an anonymous post on a disreputable message board that was disbelieved by the readers of the post." On this basis, appellants argue the post constitutes nonactionable opinion. *See Baker v. L.A. Herald Examiner*, 721 P.2d 87, 90 (Cal. 1986). Notwithstanding hyperbole, anonymity, or disrepute, the Dobbs Post contained sufficient provably false statements of fact to reasonably be considered actionable. *See Wong v. Tai Jing*, 117 Cal. Rptr. 3d 747, 762 (Cal. Ct. App. 2010). For example, the Post falsely stated that Dobbs had invested in a share of property, that Piping Rock had performed poorly, and that Germain had subsequently conducted misleading

2

communications about the investment.  Therefore, a reasonable jury could find that the Dobbs Post constitutes actionable libel per se.  *See* Cal. Civ. Code §§ 45, 45a; *Sanders v. Walsh*, 162 Cal. Rptr. 3d 188, 196 (Cal. Ct. App. 2013) (finding that exaggerated, grammatically incorrect statements posted online to RipoffReport.com constituted actionable libel because the statements described specific factual instances of fraud and perjury).

2.  Appellants next argue that Germain and Piping Rock's libel claim is unlikely to prevail because it is barred by the doctrine of unclean hands. Appellants refer to Germain's copying and re-posting of the Dobbs Post, while replacing his and Piping Rock's names with DLA's and certain of its employees'. However, the current record permits competing inferences with respect to the nature of Germain's misconduct and the relationship of Germain's misconduct to the alleged libel.  *See Kendall-Jackson Winery, Ltd. v. Superior Court*, 90 Cal. Rptr. 2d 743, 749 (Cal. Ct. App. 1999) (citing *Blain v. Doctor's Co.*, 272 Cal. Rptr. 250, 256 (Cal. Ct. App. 1990)).  Because the doctrine of unclean hands is a fact-specific inquiry, *Kendall-Jackson*, 90 Cal. Rptr. 2d at 749, the district court properly denied the affirmative defense at the current stage of the proceedings.

**AFFIRMED.**