133 Nev., Advance Opinion 6

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HOWARD SHAPIRO; AND JENNA SHAPIRO, Appellants/Cross-Respondents, vs. GLEN WELT; RHODA WELT; LYNN WELT; AND MICHELLE WELT, Respondents/Cross-Appellants. | No. 67363 |
| GLEN WELT; RHODA WELT; LYNN WELT; AND MICHELLE WELT, Appellants, vs. HOWARD SHAPIRO; AND JENNA SHAPIRO, Respondents. | No. 67596 **FILED** FEB 02 2017 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Consolidated appeals and a cross-appeal from a district court order granting a motion to dismiss complaint based on anti-SLAPP statutes and the awarding of attorney fees and costs. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

*Affirmed in part, reversed in part, vacated in part, and remanded with instructions.*

G Law and Alex B. Ghibaudo, Las Vegas,
for Howard Shapiro and Jenna Shapiro.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and Michael P. Lowry, Las Vegas,
for Glen Welt, Rhoda Welt, Lynn Welt, and Michelle Welt.

17-3797

Randazza Legal Group, PLLC, and Marc J. Randazza, Las Vegas, for Amici Curiae Nevada Press Association; TripAdvisor, Inc.; and Yelp, Inc.

---

BEFORE CHERRY, C.J., DOUGLAS and GIBBONS, JJ.

## OPINION

By the Court, GIBBONS, J.:

In this appeal, we are asked to decide (1) whether NRS 41.637 is unconstitutionally vague, (2) whether statements made in relation to a conservatorship action constitute an issue of public interest under NRS 41.637(4), and (3) whether those statements fall within the scope of the absolute litigation privilege.

We conclude that (1) NRS 41.637 is not unconstitutionally vague; (2) the district court must analyze the statements under guiding principles enunciated in California law to determine if a statement is an issue of public interest; and (3) the district court must conduct a case-specific, fact-intensive inquiry that balances the underlying principles of the absolute litigation privilege as enunciated by *Jacobs v. Adelson*, 130 Nev., Adv. Op. 44, 325 P.3d 1282, 1284 (2014), prior to determining whether a party has met their burden for proving a likelihood of success on the merits. Accordingly, we affirm in part, reverse in part, vacate in part, and remand with instructions.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Howard Shapiro petitioned a New Jersey court to appoint him as conservator for his father, Walter Shapiro. The respondents, Glen Welt, Rhoda Welt, Lynn Welt, and Michelle Welt,

opposed the petition. During the course of the conservatorship matter, Howard received an email from Glen stating that Howard's "actions have been deemed worthy of [his] own website" and declaring that Glen was "personally inviting EVERY one of [Howard's] known victims to appear in court along with other caretakers, neighbors[,] acquaintances[,] and relatives [Howard] threatened." The Welts published a website that contained several allegations regarding Howard's past debts, criminal history, and alleged mistreatment of his father, in addition to Howard's personal information. Further, the website stated that it is "dedicated to helping victims of Howard Andrew Shapiro & warning others" and encouraged any person "with knowledge of Howard A. Shapiro's actions against Walter Shapiro or other illegal acts committed by Howard Shapiro . . . to appear in court."

Howard and Jenna Shapiro filed a complaint in Nevada alleging various causes of action related to the Welts' statements on the website. The Shapiros' causes of action included, among other allegations, defamation per se, defamation, extortion, civil conspiracy, and fraud. The Welts subsequently filed a motion to dismiss pursuant to NRS 41.660, Nevada's anti-SLAPP statute. The Welts argued that the website constituted a good-faith communication in furtherance of the right to free speech in direct connection with an issue of public concern pursuant to NRS 41.637. Citing to NRS 41.637(3) and (4), the Welts argued that the statements on the website were protected as statements made in direct connection with an issue under consideration by a judicial body and as communications made in direct connection with an issue of public interest in a place open to the public or in a public forum.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

The district court issued an order granting the Welts' motion to dismiss. The district court concluded that the Welts met their burden to show by a preponderance of the evidence that the Shapiros' complaint was filed in an attempt to prevent a good-faith communication in connection with an issue of public concern. Specifically, the district court concluded that the website was a "communication regarding an ongoing lawsuit concerning the rights of an elderly individual, and a matter of public concern under NRS 41.637(4)." Additionally, the district court concluded that the Shapiros failed to show a probability that they would prevail on the lawsuit. The district court relied on this court's decision in *Jacobs* to conclude that the Welts' statements would likely be protected by the absolute litigation privilege.

The district court subsequently issued an order granting the Welts' attorney fees. The district court did not explicitly address the Welts' request for an additional award pursuant to NRS 41.670(1)(b).

The Shapiros timely appealed the district court's order granting the Welts' motion to dismiss, the Welts cross-appealed that part of the district court's order denying an additional award pursuant to NRS 41.670(1)(b), and the Welts timely appealed the district court's order denying their motion for attorney fees.

## DISCUSSION

*Standard of review*

This court reviews the constitutionality of a statute and questions of statutory construction de novo. *See Zohar v. Zbiegien*, 130 Nev., Adv. Op. 74, 334 P.3d 402, 405 (2014). Prior to 2013, this court treated special motions to dismiss as motions for summary judgment and

 

therefore reviewed the resulting orders de novo.[1] *See John v. Douglas Cty. Sch. Dist.*, 125 Nev. 746, 753, 219 P.3d 1276, 1281 (2009). After 2013, however, with the plaintiff's burden increased to clear and convincing evidence, this court will provide greater deference to the lower court's findings of fact and therefore will review for an abuse of discretion.

*Vagueness of NRS 41.637*

The Shapiros argue that NRS 41.637 is unconstitutionally vague because the term "good faith" and the phrase "without knowledge of its falsehood" are both vague and inherently contradictory. Though not raised before the district court, we exercise our discretion to address the issue of the statute's constitutionality for the first time on appeal. *See Tam v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 80, 358 P.3d 234, 239 (2015) (stating this court may "consider constitutional issues for the first time on appeal"). In doing so, we disagree with the Shapiros' contention and conclude NRS 41.637 is not unconstitutionally vague.

"Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional." *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006). In reviewing the statute, "every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *State v. Castaneda*, 126 Nev. 478, 481, 245 P.3d 550, 552 (2010).

---

[1]NRS 41.660(3)(a), as enacted in 1997, provided specific instruction to "[t]reat the motion as a motion for summary judgment." In 2013, the legislature amended NRS 41.660(3)(b) to require the plaintiff establish by clear and convincing evidence his or her probability of prevailing on the merits.

A statute is unconstitutionally vague if it "(1) fails to provide a person of ordinary intelligence fair notice of what [conduct] is prohibited; or (2) if it is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Id.* at 481-82, 245 P.3d at 553 (internal citations and quotation marks omitted). A facial vagueness challenge to a civil statute requires a showing "that the statute is impermissibly vague in all of its applications." *Flamingo Paradise Gaming, LLC v. Chanos*, 125 Nev. 502, 512, 217 P.3d 546, 553 (2009). However, "[e]nough clarity to defeat a vagueness challenge may be supplied by judicial gloss on an otherwise uncertain statute, by giving a statute's words their well-settled and ordinarily understood meaning, and by looking to the common law definitions of the related term or offense." *Castaneda*, 126 Nev. at 483, 245 P.3d at 553-54 (citations and internal quotation marks omitted).

We conclude that NRS 41.637 is not unconstitutionally vague because the statute provides sufficient notice to a person of ordinary intelligence exactly what conduct is prohibited. We conclude that the term "good faith" does not operate independently within the anti-SLAPP statute. Rather, it is part of the phrase "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." This phrase is explicitly defined by statute in NRS 41.637. Further, the phrase "made without knowledge of its falsehood" has a well-settled and ordinarily understood meaning. The declarant must be unaware that the communication is false at the time it was made. Therefore, we conclude that neither phrase renders NRS 41.637 unconstitutionally vague.

*Anti-SLAPP litigation*

Under Nevada's anti-SLAPP statutes, a defendant may file a special motion to dismiss if the defendant can show "by a preponderance of

SUPREME COURT
OF
NEVADA

(O) 1947A

the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). If a defendant makes this initial showing, the burden shifts to the plaintiff to show "with prima facie evidence a probability of prevailing on the claim."[2] NRS 41.660(3)(b). The Shapiros challenge the district court's conclusions that the Welts met their burden because their statements were a "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern" under NRS 41.660(3)(a), and that the Shapiros failed to meet their burden by clear and convincing evidence because the Welts' statements are protected by the absolute litigation privilege.

*Issue of public interest*

The Shapiros argue that the district court erred in granting the Welts' special motion to dismiss pursuant to NRS 41.660 due to an improper analysis of whether the conservatorship action is an issue of public interest under NRS 41.637(4). We agree.

NRS 41.637(4) defines a "[g]ood faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern" as any "[c]ommunication made

---

[2]We note that a previous version of the statute was in effect at the time of these proceedings. *See* 2013 Nev. Stat., ch. 176, § 3(3)(b), at 623-24. NRS 41.660(3)(b) was amended by the 2015 Legislature, and the "established by clear and convincing evidence" standard has changed to "demonstrated with prima facie evidence." Here, because these proceedings began prior to the 2015 legislative change, the "clear and convincing evidence" standard is proper.

in direct connection with an issue of public interest in a place open to the public or in a public forum, which is truthful or is made without knowledge of its falsehood."

This court has not yet determined what constitutes "an issue of public interest" in the anti-SLAPP context. However, California courts have addressed this question. *See Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 968 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015). Because this court has recognized that California's and Nevada's anti-SLAPP "statutes are similar in purpose and language," *John*, 125 Nev. at 752, 219 P.3d at 1281; *compare* NRS 41.637(4), *with* Cal. Civ. Proc. Code § 425.16(e) (West 2016), we look to California law for guidance on this issue.

While California's anti-SLAPP law, similar to Nevada's, provides no statutory definition of "an issue of public interest," California "courts have established guiding principles for what distinguishes a public interest from a private one." *Piping Rock Partners*, 946 F. Supp. 2d at 968. Specifically:

> (1) "public interest" does not equate with mere curiosity;
>
> (2) a matter of public interest should be something of concern to a substantial number of people; a matter of concern to a speaker and a relatively small specific audience is not a matter of public interest;
>
> (3) there should be some degree of closeness between the challenged statements and the asserted public interest—the assertion of a broad and amorphous public interest is not sufficient;
>
> (4) the focus of the speaker's conduct should be the public interest rather than a mere effort to

gather ammunition for another round of private controversy; and

> (5) a person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people.

*Id.* (citing *Weinberg v. Feisel*, 2 Cal. Rptr. 3d 385, 392-93 (Ct. App. 2003)).

We take this opportunity to adopt California's guiding principles, as enunciated in *Piping Rock Partners*, for determining whether an issue is of public interest under NRS 41.637(4). If a court determines the issue is of public interest, it must next determine whether the communication was made "in a place open to the public or in a public forum." NRS 41.637. Finally, no communication falls within the purview of NRS 41.660 unless it is "truthful or is made without knowledge of its falsehood." *Id.*

The district court did not apply the guiding principles enunciated in *Piping Rock Partners* in its analysis of the Welts' statements. Accordingly, we reverse the district court's order and remand for further proceedings. On remand, we instruct the district court to apply California's guiding principles in analyzing whether the Welts' statements were made in direct connection with an issue of public interest under NRS 41.637(4).

*Absolute litigation privilege*

The Shapiros argue that the district court erred in its application of the absolute litigation privilege test articulated in *Jacobs v. Adelson*, 130 Nev., Adv. Op. 44, 325 P.3d 1282 (2014), in this matter. We agree.

"Nevada has long recognized the existence of an absolute privilege for defamatory statements made during the course of judicial and quasi-judicial proceedings." *Id.* at 1285.

> This privilege, which acts as a complete bar to defamation claims based on privileged statements, recognizes that certain communications, although defamatory, should not serve as a basis for liability in a defamation action and are entitled to an absolute privilege because the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements.

*Id.* (internal quotation marks omitted). In order for the privilege to apply to defamatory statements made in the context of a judicial proceeding, "(1) a judicial proceeding must be contemplated in good faith and under serious consideration, and (2) the communication must be related to the litigation." *Id.* (internal quotation marks omitted). However, a "[party's] statements to someone who is not directly involved with the actual or anticipated judicial proceeding will be covered by the absolute privilege only if the recipient of the communication is significantly interested in the proceeding." *Fink v. Oshins*, 118 Nev. 428, 436, 49 P.3d 640, 645-46 (2002) (internal quotation marks omitted).

For a statement to fall within the scope of the absolute litigation privilege it must be made to a recipient who has a significant interest in the outcome of the litigation or who has a role in the litigation. *Id.* at 436, 49 P.3d at 645-46; *see also Jacobs*, 130 Nev., Adv. Op. 44, 325 P.3d at 1287. In order to determine whether a person who is not directly involved in the judicial proceeding may still be "significantly interested in the proceeding," the district court must review "the recipient's legal relationship to the litigation, not their interest as an observer." *Jacobs*, 130 Nev., Adv. Op. 44, 325 P.3d at 1287. The review "is a case-specific, fact-intensive inquiry that must focus on and balance the underlying principles of the privilege." *Id.* (internal quotation marks omitted).

SUPREME COURT
OF
NEVADA



(O) 1947A

10

Here, the district court failed to conduct a case-specific, fact-intensive inquiry that focused on and balanced the underlying principles of the privilege as required by *Jacobs*. Thus, the district court erred in its analysis of the Welts' statements. Accordingly, we reverse the district court's order and remand for further proceedings consistent with this opinion.

## CONCLUSION

We first conclude that the district court erred in its analysis of whether the Welts' statements concerned an issue of public interest, and we explicitly adopt the California guidelines, as enunciated in *Piping Rock Partners*, for determining whether an issue is of public interest under NRS 41.637(4). We also conclude that the district court failed to conduct a case-specific, fact-intensive inquiry that focused on and balanced the underlying principles of the absolute litigation privilege as required by *Jacobs*. Therefore, we reverse, in part, the district court's order granting the Welts' special motion to dismiss pursuant to NRS 41.660 and remand with instructions to apply California's guiding principles for determining whether an issue is of public interest under NRS 41.637(4) and, prior to determining whether the Shapiros have met their burden of proving a likelihood of success on the merits, to conduct a fact-intensive inquiry that balances the underlying principles of the absolute litigation privilege as required by *Jacobs*.

Additionally, we affirm that part of the district court's order denying an award under NRS 41.660(1)(b), the subject of the Welts' cross-appeal. Finally, because the district court will conduct further proceedings on this matter, we vacate the district court's order of attorney

fees. Based upon our holding, it is not necessary to reach the issue of attorney fees pursuant to NRS 41.670(1)(c), the subject of the Welts' appeal.

_____, J.
Gibbons

We concur:

_____, C.J.
Cherry

_____, J.
Douglas