# IN THE SUPREME COURT OF THE STATE OF NEVADA

TREVOR POPE,
Appellant,
vs.
JAMES FELLHAUER; AND SHARON
FELLHAUER,
Respondents.

No. 74428

FILED

MAR 2 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a special motion to dismiss a complaint based on Nevada's anti-SLAPP statute. Eighth Judicial District Court, Clark County; James Crockett, Judge.

In 2014, appellant Trevor Pope moved into a quiet Las Vegas neighborhood, joining his only neighbors on the cul-de-sac, respondents Sharon and James Fellhauer. The record recites a series of increasingly tense interactions between the neighbors—loud parties, trashed lawns, arguments and insults from guests, and other harassment. In September and October 2014, Pope began commenting about the Fellhauers on two websites: Twitter and Alert ID (a neighborhood crime-reporting website).

One of Pope's Twitter exchanges was in response to a post by his friend, Randy Dorfman. Dorfman posted a copy of an Alert ID map showing that Pope's neighborhood was labeled a crime zone and asking Clark County Commissioner Susan Brager to "wake up." Pope responded, "uh ohhhhh, that doesn't look good!" He added, "lollllll must be those damn fellhauers! They are always causing big problems for people, it's a shame!"

About one month later, Pope published a series of comments on Alert ID about the Fellhauers: "Jim has made remarks such as 'watch your

back when you walk away' and threatening things like that"; "[The Fellhauers] verbally abuse us and our guests and make threats on a weekly basis"; and "Jim and Sharon Fellhauer . . . have been caught and admitted to taking video and pictures of my chef's 1 year old daughter swimming naked in my pool." Also on Alert ID, Pope called the Fellhauers "'weird,' 'wack-jobs,' 'EXTREMELY MENTALLY UNSTABLE,' 'crazy,' and 'sick.'" *Id.* Pope also stated on Twitter that the Fellhauers were "'weird' and 'wack jobs.'"

In response to these posts, the Fellhauers had their attorney mail Pope a letter asking him to retract the statements, which they alleged had harmed their reputation, to avoid a lawsuit. The Fellhauers also asked Pope for a public apology and damages. Pope never responded, so the Fellhauers sued Pope for defamation, libel, slander, and intentional infliction of emotional distress. Pope filed a special motion to dismiss pursuant to NRS 41.660, Nevada's anti-SLAPP statute. He argued that his comments were protected speech under the First Amendment because the posts were about an issue of public concern because he was alerting the community about the unsafe neighborhood. The district court disagreed that the posts concerned an issue of public interest and denied his motion.

Pope appealed and, without reaching the merits of his claim, we reversed and remanded the case with instructions for the district court to apply our recently adopted guiding principles for determining whether a statement constituted an issue of public concern. *See Pope v. Fellhauer*, Docket No. 68673 (Order of Reversal and Remand, April 20, 2017); *see also Shapiro v. Welt*, 133 Nev. 35, 39-40, 389 P.3d 262, 268 (2017). On remand, the district court arrived at the same conclusion: Pope's statements did not

 

involve issues of public concern under the *Shapiro* factors. Pope appeals, arguing that the district court arrived at its conclusion in error.

## DISCUSSION

A strategic lawsuit against public participation, SLAPP for short, is a meritless lawsuit that a plaintiff initiates to chill a defendant's freedom of speech and right to petition under the First Amendment. NRS 41.637; *John v. Douglas Cty. Sch. Dist.*, 125 Nev. 746, 752, 219 P.3d 1276, 1280 (2009), *superseded by statute as stated in Delucchi v. Songer*, 133 Nev. 290, 296, 396 P.3d 826, 831 (2017).[1] "The hallmark of a SLAPP lawsuit is that it is filed to obtain a financial advantage over one's adversary by increasing litigation costs until the adversary's case is weakened or abandoned." *John*, 125 Nev. at 752, 219 P.3d at 1280. Under the anti-SLAPP statutes, a defendant may file a special motion to dismiss—the anti-SLAPP motion—if he or she can show the plaintiff's claim targets "a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(1) (2013). The moving party must first show "by a preponderance of the evidence, that the claim [was] based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). If the moving party meets this burden, then the district court must "determine

---

[1]While we note that the Legislature has since amended NRS 41.660, 2015 Nev. Rev. Stat., ch.428 §13 at 2455-56, the parties agree that the 2013 version applies here because these proceedings commenced before the effective date of the amendments. Thus, all references to the NRS are for 2013, unless noted otherwise.

whether the [non-moving party] has established by clear and convincing evidence a probability of prevailing on the claim." NRS 41.660(3)(b). We defer to the district court's findings of fact and review the order denying the anti-SLAPP motion, which arises under the pre-2015 version of the statutes, for an abuse of discretion.[2] *Shapiro*, 133 Nev. at 37, 389 P.3d at 266.

A statement is protected under the anti-SLAPP laws if it meets one of the four categories of protected speech under NRS 41.637. Relevant here, NRS 41.637(4) protects communications that (1) relate to an issue of public interest, (2) are made in a public forum, and (3) are either true or made without knowledge of their falsity. The district court denied Pope's anti-SLAPP motion under the first step of the anti-SLAPP analysis, concluding that Pope had failed to show that his posts were related to an issue of public concern and, alternatively, that he did not show that the statements were true or made without knowledge of their falsehood.

In *Shapiro*, we explained that the Legislature had not defined "public concern," and so we adopted California principles to guide the analysis. 133 Nev. at 39-40, 389 P.3d at 268 (adopting California's test for determining whether a statement is an issue of public interest as articulated in *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 968 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015)). These principles are:

---

[2]We decline Pope's invitation to apply different standards of review to each prong, seeing no meaningful distinction for purposes of our review. Our explanations in *Shapiro v. Welt*, 133 Nev. 35, 37, 389 P.3d 262, 266 (2017), and *Coker v. Sassone*, 135 Nev., Adv. Op. 2, 432 P.3d 746, 748 (2019), do not compel a different result.

(1) public interest does not equate with mere curiosity;

(2) a matter of public interest should be something of concern to a substantial number of people; a matter of concern to a speaker and a relatively small specific audience is not a matter of public interest;

(3) there should be some degree of closeness between the challenged statements and the asserted public interest—the assertion of a broad and amorphous public interest is not sufficient;

(4) the focus of the speaker's conduct should be the public interest rather than a mere effort to gather ammunition for another round of private controversy; and

(5) a person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people.

*Id.* (internal quotation marks and citations omitted). The district court concluded, and we agree, that each of these five factors weighs against Pope.

Applying these factors, we determine that there is not a sufficient connection between Pope's statements and his asserted public interest of warning potential neighbors and others about the Fellhauers' "abusive and potentially illegal behavior." We see no evidence that anyone—other than his two friends—were concerned with Pope's commentary or that Pope was adding to a preexisting discussion. We think *Rivero v. American Federation of State, County & Municipal Employees, AFL-CIO,* is instructive on this point. 130 Cal. Rptr. 2d 81, 83, 90 (Ct. App. 2003). There, the California Court of Appeals determined that union janitors could not turn a private labor dispute into a public matter by distributing flyers to passersby wherein they accused their supervisor of theft, extortion, and favoritism. *Id.* at 83-84. Pope's attempt to make public

his private dispute with the Fellhauers by posting about them online does not make his statements issues of public concern. The fact that Dorfman tagged County Commissioner Brager also does not make Pope's response— "lollllll must be those damn fellhauers! They are always causing big problems for people, it's a shame!"—an issue of public concern as Pope fails to demonstrate that he petitioned the Commissioner. *See Dowling v. Zimmerman*, 103 Cal. Rptr. 2d 174, 179-81 (Ct. App. 2001) (upholding a district court's decision to grant attorney's anti-SLAPP motion to dismiss a complaint filed by landlord against attorney, based on attorney's letter to homeowners' association detailing landlord's unlawful detainer action against attorney's tenant clients, because the matter was under review by a public body). We are not convinced that his statements were anything other than online banter.

Irrespective of whether others replied to Pope's Alert ID posts, it is unclear how calling the Fellhauers "'weird,' 'wack-jobs,' 'EXTREMELY MENTALLY UNSTABLE,' 'crazy,' and 'sick'" conveyed anything other than "a single [person being] upset with the status quo." *Connick v. Myers*, 461 U.S. 138, 140-42, 148 (1983) (holding that a disgruntled employee's attempt to use responses to a questionnaire evaluating the employer was not a matter of public concern and only showed that the employee was "upset with the status quo"). Instead, it appears that Pope was using the online forums as "ammunition for another round of [the] private controversy" with the Fellhauers. *Shapiro*, 133 Nev. at 39, 389 P.3d at 268 (quoting *Piping Rock*, 946 F. Supp. 2d at 968). And while reports of criminal activity can be issues of public interest, *see, e.g., Mullen v. Meredith Corp.*, 353 P.3d 598, 604 (Or. Ct. App. 2015) (stating that a news agency's report of a shooting constituted a matter of public interest), Pope's allegation that he posted the statements

to warn prospective neighbors about a legitimate danger is seriously undermined by Pope's concession that his neighborhood's high-crime rating on Alert ID was inaccurate. As the district court found, "Pope's own arguments indicate he was *not* reporting crimes or actual issues of public safety, but rather [he] was reporting that his neighbors were bothersome and tattle-tales (and that the neighborhood was actually safer than it appeared)." Thus, we cannot conclude that the derogatory remarks about his neighbors were directly related to an issue of public concern.

Having concluded that the district court did not abuse its discretion in determining that the challenged communications are not related to an issue of public interest, we find no reason to address the second and third elements of NRS 41.637(4).

For the foregoing reasons, we hold that the district court did not abuse its discretion in denying Pope's anti-SLAPP motion because Pope's statements were not protected communications. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

 

cc:    Hon. James Crockett, District Judge
Randazza Legal Group, PLLC
Lewis Roca Rothgerber Christie LLP/Las Vegas
Law Office of John W. Thomson
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

8