# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK E. SMITH, AN INDIVIDUAL, D/B/A LAKE TAHOE WALL OF SHAME,
Appellant,
vs.
CARL LACKEY,
Respondent.

No. 74461

FILED

MAY 0 7 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a special motion to dismiss in a defamation case. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

This case arises from a comment made by a third-party follower on the Lake Tahoe Wall of Shame Facebook page that criticizes the Nevada Department of Wildlife's (NDOW) treatment of wildlife in Northern Nevada. Carl Lackey, an NDOW biologist, brought suit against appellant Mark Smith based on this third-party comment. Lackey asserted that Smith does business as Lake Tahoe Wall of Shame and both encouraged and published the third-party comment. Based on this comment, Lackey alleged claims of defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy. Smith sought to dismiss these claims pursuant to an anti-SLAPP special motion to dismiss under NRS 41.635-.670. Smith provided an affidavit in which he denied being involved with Lake Tahoe Wall of Shame and denied making the comment.

The district court denied Smith's anti-SLAPP motion. In denying the motion, the district court determined that even if the statement was related to a matter of public interest, Smith's affidavit attesting that

20-17373

he had no role in the third-party comment did not establish that the third-party post was true or otherwise made without knowledge of its falsehood. As such, the district court found that Smith failed to meet his burden under the first prong of the anti-SLAPP analysis in NRS 41.660(3). Smith appeals.

We review the denial of an anti-SLAPP motion de novo. *Coker v. Sassone*, 135 Nev. 8, 10-11, 432 P.3d 746, 748-49 (2019). Nevada's anti-SLAPP statutes provide a two-prong, burden-shifting framework to determine the viability of a special motion to dismiss. *See id.* at 12, 432 P.3d at 749. First, the district court must "[d]etermine whether the moving party has established, by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). Second, if the district court finds the defendant has met his or her burden, the court must then "determine whether the plaintiff has demonstrated with prima facie evidence a probability of prevailing on the claim." NRS 41.660(3)(b).

To satisfy the first prong, the defendant must address two requirements therein. The first requirement is that the comments at issue fall into one of the four categories of protected communications enumerated in NRS 41.637. *See Delucchi v. Songer*, 133 Nev. 290, 299, 396 P.3d 826, 833 (2017). The category at issue in this case is "[c]ommunication made in direct connection with an issue of public interest in a place open to the public or in a public forum." NRS 41.637(4). The second requirement is that the communication "is truthful or is made without knowledge of its falsehood." NRS 41.637; *see Delucchi*, 133 Nev. at 299, 396 P.3d at 833.

Regarding the first requirement, Smith argues that the district court erred in suggesting that there is not "a sufficient degree of closeness between this statement and [the] purported public interest of preserving wildlife or bribery of a public official." We agree. To determine whether an issue is in the public interest, we consider the guiding principles announced in *Shapiro v. Welt*, 133 Nev. 35, 39-40, 389 P.3d 262, 268 (2017). Relevant here, *Shapiro* dictates that "there should be some degree of closeness between the challenged statements and the asserted public interest—the assertion of a broad and amorphous public interest is not sufficient." 133 Nev. at 39-40, 389 P.3d at 268 (quoting *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 968 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015)).

The comment at issue states, "[a] department with no real interest in wildlife other than to make it available for hunters and trappers...some might say they are criminals against nature...they are certainly ignorant about it." (Ellipses in original).[1] In *Stark v. Lackey*, we applied the *Shapiro* principles to comments similarly critiquing NDOW's handling of bears in the Tahoe Basin. 136 Nev., Adv. Op. 4, ___ P.3d ___, ___ (2020). There, we concluded that these criticisms of NDOW directly related to the stated public interest of the treatment of bears in Nevada. *Id.* For the same reasons, we hold here that the comment directly relates to the stated public interest of preserving Nevada's wildlife, as the comment concerns NDOW's treatment of wildlife in Nevada. Thus, to the extent the district court determined otherwise, it was error.

---

[1]We note that the district court presumed that the "department" refers to NDOW and Smith does not argue otherwise.

SUPREME COURT
OF
NEVADA

(O) 1947A

Regarding the second requirement, Smith argues that the district court erred in finding that he failed to establish that the communication is true or was otherwise made without knowledge of its falsehood. We agree. Our anti-SLAPP statutes require the defendant to establish by a preponderance of the evidence that the communication "is truthful or is made without knowledge of its falsehood." NRS 41.637; NRS 41.660(3)(a). "Because there is no such thing as a false idea, statements of opinion are statements made without knowledge of their falsehood under Nevada's anti-SLAPP statutes." *Abrams v. Sanson*, 136 Nev., Adv. Op. 9, ___ P.3d ___, ___ (2020) (internal quotation marks and citation omitted). The comment at issue here is an opinion, as it involves a personal view and criticisms of NDOW's actions. Because an opinion cannot be knowingly false, we hold that Smith demonstrated that the third-party comment was made without knowledge of its falsehood.

Thus, we conclude that Smith met his burden under prong one and the district court erred in denying Smith's anti-SLAPP special motion to dismiss on this basis. Because Smith met his burden under prong one, the burden shifted to Lackey to demonstrate with prima facie evidence the probability of prevailing on his claims. The district court did not reach prong two.[2] Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court with instructions for it to address

---

[2]While Smith further asserts that the district court erred by not finding him immune from liability under the Communications Decency Act (CDA), 47 U.S.C. § 230 (2012), as we explained in *Stark*, 136 Nev., Adv. Op. 4, ___ P.3d at ___, the first prong of the anti-SLAPP analysis only addresses whether the communication is protected and made in good faith. *See* NRS

prong two of the anti-SLAPP analysis. We further instruct the district court to consider the applicability of the Communications Decency Act, § 230 (2012) in considering whether Smith can "demonstrate[ ] with prima facie evidence a probability of prevailing on the claim." NRS 41.660(3)(b).

_____ Pickering, C.J.
        Pickering

_____, J.
        Gibbons

_____, J.
        Hardesty

_____, J.
        Parraguirre

_____, J.
        Stiglich

_____, J.
        Cadish

_____, J.
        Silver

---

41.660(1). The question of whether the defendant may be held liable for the communication is a consideration for the second prong. *See* NRS 41.660(3)(b). Because the district court did not address the second prong, we decline to address this argument in the first instance. We note that the district court addressed Smith's CDA arguments in the context of Smith's NRCP 12(b)(5) motion to dismiss. However, Smith does not challenge that ruling on appeal, nor do we have jurisdiction to otherwise consider the denial of a motion to dismiss under NRCP 12(b)(5) in this appeal. *See Kirsch v. Traber*, 134 Nev. 163, 168, 414 P.3d 818, 822 (2018) (stating an order denying a motion to dismiss is not appealable); NRAP 3A(b) (listing the appealable determinations).

cc:  Hon. Connie J. Steinheimer, District Judge
     Madelyn Shipman, Settlement Judge
     Winter Street Law Group
     Rose Law Office
     Durney & Brennan, Ltd./Reno
     Gerber Law Offices, LLP
     Washoe District Court Clerk